Exhibit Cover

# EXHIBIT A
# CID No. 2019-041





# UNITED STATES OF AMERICA
## U.S. DEPARTMENT OF JUSTICE

*United States Attorney's Office*
*Southern District of Georgia*

## CIVIL INVESTIGATIVE DEMAND
Interrogatories and Documents

TO:  House of Prayer Bible Seminary
c/o its registered agent CT Corporation System
2450 Airport Road
Hinesville, GA 31313

CID No. 2019-041

This Civil Investigative Demand ("CID") is issued pursuant to the False Claims Act, 31 U.S.C. §§ 3729–3733, in the course of a False Claims Act investigation to determine whether there is or has been a violation of 31 U.S.C. § 3729, *et. seq.* This False Claims Act investigation concerns allegations that House of Prayer, its employees, contractors, and agents, as well as other individuals or entities, violated or conspired to violate the False Claims Act by obtaining funds from the Department of Veterans Affairs for education and housing benefit programs to which it was not entitled. The general purpose of this CID is to discover information relating to these allegations and to determine whether House of Prayer and its employees and agents have violated the False Claims Act.

This is the original CID; no copies have been served on other parties.

**You are hereby commanded** to answer in writing the written interrogatories attached hereto as "Exhibit A" by no later than twenty (20) days after the day on which you receive this CID (or another date to be mutually agreed upon), and submit such answers to Assistant United States Attorney J. Thomas Clarkson and Patrick J. Schwedler at the United States Attorney's Office for the Southern District of Georgia, 22 Barnard Street, Suite 300, Savannah, Georgia 31401. The written interrogatories shall be answered separately and fully in writing under oath and also shall be submitted under a sworn certificate in the form printed in this CID. If you object to any interrogatory, state your objection and set forth with particularity the reasons why the information was not furnished on the certificate.

2

**You are further commanded** to produce a copy of requested documentation identified hereto as "Exhibit B" by no later than twenty (20) days after the day on which you receive this CID (or another date to be mutually agreed upon), to Assistant United States Attorney J. Thomas Clarkson and Patrick J. Schwedler, at the United States Attorney's Office for the Southern District of Georgia, 22 Barnard Street, Suite 300, Savannah, Georgia 31401. If you object to any document request, state your objection and set forth with particularity the reasons why the document was not produced on the certificate.

The following, as well as their supervisors, will serve as False Claims Act investigators and custodians to whom such material shall be made available: Douglas Dye, Federal Bureau of Investigation; Katie O'Neill, U.S. Department of Veterans Affairs, Office of Inspector General; Assistant United States Attorney Patrick J. Schwedler; and Assistant United States Attorney J. Thomas Clarkson.

A response to this CID, including execution and return of the attached certification, is necessary to the conduct of the investigation. Failure to comply with any of the requirements of this CID will render you liable to proceedings in the United States District Court.

Issued under the authority of 31 U.S.C. § 3733 on this 9th day of December, 2019.

_____
BOBBY L. CHRISTINE
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF GEORGIA

3

## DEFINITIONS

1. *Document* means any and all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations whether preserved in *hard-paper form* or stored in *digital form* in any medium from which information can be obtained either directly or, if necessary, after translation by you into a reasonably usable form, and includes, but is not limited to, any and all originals, copies and reproductions (except for materials that are *de-duplicated* under the terms of this CID), *archived data*, and *backup data* of all records, papers, tables, charts, appointment calendars, schedules, journals, notes, memoranda, logs, manuals, reports, minutes, notices, bulletins, financial statements, balance sheets, ledgers, contracts, agreements, promissory notes, security agreements or other negotiable instruments, telegrams, facsimiles, telexes, wire transfers, films, microfilms, photographs, video files, slides, audio recordings, transcriptions, phone records, *communications* (including, but not limited to electronic communications), voice mail, computer files, or any other information or data compilations stored in *databases* or accessible through computer or other information retrieval systems, *e.g.*, Portable Digital Assistants ("PDAs"), together with instructions and all other materials necessary to use or interpret such data compilations, and other like or similar tangible things, regardless of the means of their preparation and use.

2. *Communication* means any transmission or exchange of information between two or more persons orally or in writing, whether by chance or design, and includes, without limitation, any conversation or discussion, whether by face-to-face encounter, by regular mail or courier, by telephone, or by other means of electronic communication, whether transmitted in interstate or intrastate commerce. *Communication* includes, but is not limited to:

    a. *Email* (a/k/a *electronic mail* or *e-mail*): an electronic means for communicating information under specified conditions, generally in the form of text messages, through systems that will send, store, process and receive information and in which messages are held in storage until the addressee accesses them.

    b. *Text Messages* (a/k/a *texts* or *iMessages*): a form of electronic communication involving immediate communication between two or more users through systems that will send, store, process and receive information and in which messages are held in storage until the addressee accesses them.

    c. *Instant Messages* (a/k/a *IM*): a form of electronic communication involving immediate communication between two or more online users; *stored IM* communications are messages that are purposely stored on a client computer.

      d.    *Header information*: distribution information associated with email such as *Sender, Recipient, Subject, Date* and *Time, cc: (carbon copy), bcc: (blind carbon copy)*.

      e.    *Parent email, parent items*, and *child files*: *parent email* refers to the content and substance of an electronic communication, including *header information*; *parent items* refers to the content and substance of items such as calendars, tasks, notes, etc.; *child files* refers to files attached to *parent files* or *parent items*.

      f.    *Social Media* means electronic communication by and between correspondents connected together using media such as blogs (*e.g.*, Twitter), content communities (*e.g.*, YouTube), or social networks (*e.g.*, Facebook).

3. "*And*," "*or*," and "*and/or*" shall be construed either disjunctively or conjunctively so as to bring within the scope of this CID for documents any material which might otherwise be construed as outside the scope of this CID.

4. "*House of Prayer*" means (1) House of Prayer Bible Seminary, at all locations, including House of Prayer Bible Seminary – Hinesville (VA Facility Code: 35015111), House of Prayer Bible Seminary – Hephzibah (VA Facility Code: 35015411), House of Prayer Bible Seminary (VA Facility Code: 35469147), House of Prayer Bible Seminary (VA Facility Code: 35135543), House of Prayer Bible Seminary (VA Facility Code: 35014233), and includes, irrespective of any name under which it has done business; (2) all of its predecessors, subsidiaries, affiliates, branches, divisions, groups, operations, units, facilities, locations, parent organizations, plants, and any joint ventures of which it is a part; and (3) each of its present or former respective officers, directors, employees, representatives, and agents, acting or purporting to act or appearing to act on behalf of it, whether or not acting within the proper scope of his or her actual authority.

5. "*Relating to*" or "*relate to*" or "*discussing*" means consisting of, referring to, reflecting, supporting, evidencing, discussing, describing, embodying, memorializing, containing, constituting, including, identifying, stating, studying, reporting, commenting, analyzing, setting forth, considering, recommending, concerning, pertaining or being relevant to, in whole or in part, prepared in connection with, used in preparation for, or being in any way legally, logically, or factually connected to the matter discussed.

6. "*You*" or "*your*" means Altis and any person acting on its behalf, including but not limited to its current or former employees, consultants, investigators, representatives or agents, or any corporate predecessors, past or present subsidiaries or affiliates, current and former directors, officers, principals, partners, attorneys or other persons acting for or on behalf thereof, including any

otherwise independent attorney, accountant, investigator, or consultant.

7. The singular and plural forms of any word shall be construed interchangeably.

8. "*Any*" shall be construed to include "*all*," and "*all*" shall be construed to include "*any*."

9. "*Including*" shall be construed to mean "*including, but not limited to.*"

10. The "*United States*" shall be construed to mean the United States of America, its agencies, departments, and representatives.

## INSTRUCTIONS

1. This CID applies to all documents in your possession, custody, or control regardless of their location and regardless of whether such material is held by your current or former employees, including facility-level personnel, mid-level management personnel, upper-level management personnel, directors, officers, in-house IT specialists and technicians, IT specialists and technicians to whom digital services have been out-sourced, consultants, representatives, agents, and any and all other persons acting on your behalf. Information and materials sought by this CID shall also include information and materials within the possession, custody, or control of any of your agents, officers, or employees, or any person acting as your representative or on your behalf.

2. Unless otherwise specified, this CID applies to all documents in your possession, custody, or control from the period **from January 1, 2010, to the date of CID issuance**. Documents created prior to January 1, 2010, that have been used or relied on by you since January 1, 2010, or that describe any duties, obligations, or policies that were in effect after January 1, 2010, are within the time frame of this CID.

3. The relevant time period for the information requested by written interrogatories is **from January 1, 2010, to the date of CID issuance.** The interrogatories shall be answered separately and fully in writing under oath and also shall be submitted under a sworn certificate in the form printed in this Demand. If you object to any interrogatory, state your objection and set forth with particularity the reasons why the information was not furnished on the certificate.

4. If you become aware that you possess, have custody or control of additional documents responsive to this CID, you shall promptly produce such additional documents.

5. If you intend to withhold from production any document based upon a claim of legal privilege, work product, or any other protection from production:

    a. Identify with particularity and in a written log each such document by date, author(s), addressee(s), recipient(s), title, subject matter, purpose, and present custody of each and every questioned document;

    b. State with particularity the privilege, work product principle, or other legal protection upon which you are relying in claiming each and every questioned document should be withheld from production; and

    c. State with particularity each and every fact supporting the claim of privilege(s), work product protection, or other legal

        protection(s) from production.

6. Identify all responsive documents that have been lost, discarded, destroyed, altered, or spoiled. In so doing, state: (a) the type of document; (b) the date of its creation; (c) the approximate date it was lost, discarded, destroyed, altered, or spoiled; (d) the nature of the spoliation; (e) the cause of the spoliation; (f) whether the spoliation was purposeful, inadvertent, or accidental; and, (g) the identity of each person having knowledge about the document and about its spoliation.

7. All documents provided in response to this CID are to include all marginalia and post-its, as well as any attachments referred to or incorporated by the document. To the extent that documents are found attached to other documents, by means of paper clips, staples or other means of attachment, such documents shall be produced together in the condition in which they are found. All documents should be produced in the manner and format in which they are kept in the usual course of business. If documents are stored electronically, they should be produced in electronic format. If documents are stored in multiple formats, they should be produced in each format in which they are stored.

8. All documents provided in response to this CID are to be organized in such a manner that each document responsive to a particular request is grouped together and identified as being responsive to that request.

9. If no document exists that is responsive to a request, a written statement to that effect shall be provided at the time of production.

10. All hard copy documents shall be scanned and produced in electronic format.

## EXHIBIT A – INTERROGATORIES

1. Identify all current and former owners of *House of Prayer*, including for each owner (a) the owner's name; (b) ownership percentage; (c) social security number; and (d) position and job description with *House of Prayer*.

2. For all current and former employees of *House of Prayer*, identify the individual's (a) name; (b) date of birth; (c) social security number; (d) position; (e) job description; and (f) dates of employment.

3. For all current and former students of *House of Prayer*, identify the individual's (a) name; (b) date of birth; (c) social security number; (d) program of study; (e) dates of enrollment; (f) tuition and fee charges; (g) whether this individual had all or part of their tuition fees, or other charges paid to or for them by the VA. If part of the tuition was not paid by the VA, identify who or what entity paid these fees.

4. Identify any "Distance Learning" or "Independent Study" programs that you contend were in place and the certifications made regarding any such program.

5. Identify all individuals who interacted with, or made submissions to, the VA on behalf of House of Prayer.

6. For any properties *House of Prayer* owns, leases, or rents, identify (a) the address of the property; (b) the owner of the property; (c) the current occupant(s); (d) the amount of monthly rent generated; and (e) the source of any financing or mortgage used by the owner to obtain the property.

7. Identify all money paid to House of Prayer from the VA. For each payment, list (a) the amount; (b) the date; and (c) reason for payment.

## EXHIBIT B - DOCUMENTS TO BE PRODUCED

1. Produce all applications for approval for VA education benefits and applications for update of approval for VA education benefits.

2. Produce all Enrollment Certifications documents to include all VA Forms 22-1999 and VA Forms 28-1905 submitted to the VA.

3. Produce all VA Forms 22-8794, Notice of Change in Student Status documents submitted to the State Approving Agency and/or the VA.

4. Produce all VA Forms 22-8794, Designation of School Certifying Official(s) documents submitted to the State Approving Agency and/or the VA.

5. Produce all documents relating to monitoring of students program of study, attendance records, progress records, student grades, transcript, drop slips, registration slips, reports on unsatisfactory process, reports of disciplinary action, and reports of suspension and dismissal.

6. Produce all student applications.

7. Produce all tuition and fee charges or invoices, by student.

8. Produce all tuition and fee receipts, by student.

9. Produce all records of commissions, bonuses, or other incentive payments issued to any persons engaged in student recruiting in exchange for their success in securing enrollments.

10. Produce all school catalogs, program outline and curriculum guide or graduation evaluation form.

11. Produce all reports of "Priority Enrollment," if any.

12. Produce all graduation and notices of program completion.

13. Produce all requests for accelerated payment.

14. Produce all requests for cooperative training programs elected by any students.

15. Produce all tuition refund policies.

16. Produce any compliance surveys performed.

17. Produce all Communications relating to the operation of House of Prayer and any related educational programs.

18. Produce all Communications regarding housing owned or rented by House of Prayer.

19. Produce all documents received by the VA from House of Prayer.

20. Produce all documents received by House of Prayer from the VA.

21. Produce your document retention and destruction policies.

22. Produce all documents relied upon or referenced in answering any of the Interrogatories listed in Exhibit A.

# CERTIFICATE OF COMPLIANCE

    I have responsibility for producing the documents requested in Civil Investigative Demand No. CID 2019-041. I hereby certify that all the materials required by that Civil Investigative Demand that are in the possession, custody, or control of the entities to whom the Demand is directed have been submitted to the designated False Claims Act investigators. If any such information has not been furnished because of a lawful objection, the objection to the interrogatory and the reasons for the objection have been stated with particularity in writing herein.

Signature      _____

Printed Name      _____

Title      _____

**SWORN TO** before me, this _____ day of _____, 2019.

_____

NOTARY PUBLIC

## **CERTIFICATE OF COMPLIANCE**

      I have responsibility for answering the written interrogatories requested in Civil Investigative Demand No. CID 2019-041. I hereby certify that all information required by that Civil Investigative Demand that is in the possession, custody, control, or knowledge of the entities to whom the Demand is directed has been submitted to the designated False Claims Act investigators. If any such information has not been furnished because of a lawful objection, the objection to the interrogatory and the reasons for the objection have been stated with particularity in writing herein.

Signature _____

Printed Name _____

Title _____

**SWORN TO** before me, this _____ day of _____, 2020.

_____

NOTARY PUBLIC

## PROOF OF SERVICE

I, _____, an employee of the United States working under the direction and supervision of Assistant United States Attorneys J. Thomas Clarkson and Patrick J. Schwedler in connection with a False Claims Act investigation, hereby certify that on _____, I served an original executed copy of Civil Investigative Demand No. 2019-041 by

    (CHECK ONE)

☐    Personal Delivery; or

☐    Certified/Registered Mail

to the following:

NAME              House of Prayer.

I declare under penalty of perjury under the laws of the United States of America that the forgoing information contained in this Proof of Service is true and correct.

_____                      _____
DATE                                         SIGNATURE