# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:23-CV-91 |
| ) | |
| HOUSE OF PRAYER BIBLE SEMINARY, ) | |
| ) | |
| Respondent. ) | |

### UNITED STATES' MOTION FOR AN ORDER TO SHOW CAUSE AND FOR SUMMARY ENFORCEMENT OF CIVIL INVESTIGATIVE DEMANDS

Pursuant to § 3733(j)(1) of the False Claims Act (FCA), 31 U.S.C. §§ 3729-3733, the United States respectfully moves for an order requiring House of Prayer Bible Seminary (HOPBS) to show cause why the Court should not enter an Order compelling HOPBS to comply with Civil Investigative Demand (CID) Nos. 2019-041 and 2023-001 issued to HOPBS by the United States Attorney. *See* Exhibit A, CID No. 2019-0141; Ex. B, CID No. 2023-001.

CID No. 2019-041 was served on HOPBS seeking information and documents relevant to an investigation by the United States Attorney into whether the FCA is being, or has been, violated in connection with Department of Veterans Affairs education and housing benefit program funds received by HOPBS. HOPBS provided documents and information in response to CID No. 2019-041 but, despite representations through counsel that it would provide the statutorily required sworn certificate of compliance with the CID, *see* 31 U.S.C. § 3733(f)(1) and (g), HOPBS has failed to do so and now refuses to provide any such certificate.

The government then issued CID No. 2023-001 and served it upon HOPBS on February 1, 2023, seeking information regarding how HOPBS responded to CID No. 2019-041, the identities of the individuals who provided responsive documents and interrogatory responses, and the locations searched. CID No. 2023-001 additionally sought documents responsive to CID No. 2019-041 that had not yet been produced and communications regarding its response. HOPBS's response to CID No. 2023-001 was due on or before February 23, 2023, yet it has to date failed to respond and the government has no reason to believe HOPBS intends to do so.

For the reasons set forth below, the Court should grant this Petition for Enforcement and order HOPBS to show cause why it should not be compelled to provide sworn certificates of its compliance with CID No. 2019-041 and respond to CID No. 2023-001, supported by sworn certificates of compliance, within 10 days.

## STATUTORY BACKGROUND

"The False Claims Act is the government's primary litigative tool for the recovery of losses sustained as the result of fraud against the government." *Avco Corp. v. U.S. Dep't of Justice*, 884 F.2d 621, 622 (D.C. Cir. 1989). The statute prohibits any person from "knowingly" presenting "a false or fraudulent claim for payment or approval" to the federal government. 31 U.S.C. § 3729(a)(1). The Act provides that the Attorney General "diligently shall investigate a violation" of the Act and may bring a civil action if a person has committed a violation. 31 U.S.C.§ 3730(a).

One of the principal tools facilitating the government's False Claims Act

investigations is the CID, which requires the recipient to produce documents, answer interrogatories, or give oral testimony. The rules governing the CID are set forth in 31 U.S.C. § 3733, which authorizes the Attorney General or designee to issue a CID before commencing a civil proceeding. 31 U.S.C. 3733(a)(1). When producing documents in response to a CID, the responses "shall be made under a sworn certificate … stat[ing] that all of the documentary material required by the demand and in the possession, custody, or control of the person to whom the demand is directed has been produced and made available to the false claims law investigator identified in the demand." 31 U.S.C. § 3733(f)(1). A corporate entity must designate "a person having knowledge of the facts and circumstances relating to such production and authorized to act on behalf of [the entity]" to provide the certificate. 31 U.S.C. § 3733(f)(1)(A). Similarly, "[e]ach interrogatory in a [CID] … shall be answered separately and fully in writing under oath and shall be submitted under a sworn certificate … stat[ing] that all information required by the demand and in the possession, custody, control, or knowledge of the person to whom the demand is directed has been submitted." 31 U.S.C. § 3733(g). For interrogatories directed to a corporate entity, the sworn certificate must be executed by "the person or persons responsible for answering each interrogatory." 31 U.S.C. § 3733(g)(2).

The statute contemplates that the recipient of the CID will comply, but it also permits the government to petition for judicial enforcement "[w]henever any person fails to comply with any civil investigative demand issued under subsection (a)." 31 U.S.C. 3733(j)(1). This provision does not impose any time limit on the government's

authority to seek judicial enforcement of a CID.

## FACTUAL BACKGROUND

The government is conducting a civil investigation[1] under the FCA to determine whether HOPBS and individuals acting on its behalf submitted or caused the submission of false claims for veterans' education and housing benefits, including those under the Post-9/11 GI Bill, 38 U.S.C. § 3001, *et seq*. Under this program, the government provides educational assistance by paying for tuition, housing costs, and other educational costs and fees for veterans of the United States Armed Forces and other eligible persons that meet certain qualifications.

HOPBS initially obtained approval to receive VA education assistance benefits by representing to the VA, among other things, that it was providing courses to veterans and other eligible persons that were taught by HOPBS instructors at HOPBS facilities. HOPBS has multiple facilities throughout the United States, including in Hinesville and Hephzibah, Georgia, within the Southern District of Georgia. Between 2013 and 2022, the VA paid HOPBS more than $15 million in tuition, housing allowances, and stipends under various VA education benefit programs.

As part of its FCA investigation, the government served two CIDs on HOPBS. The first, CID No. 2019-041, consisted of interrogatories and documents. The

---

[1] The government does not endeavor to fully describe the scope of its investigation but offers information solely for the purpose of placing its petition to enforce the two CIDs into context.

8

interrogatories sought to identify HOPBS's current and former students, the individuals who made submissions to or otherwise interacted with the VA, and payments received by HOPBS from the VA. It further sought production of documents including student applications, attendance records, progress records, and transcripts; documents regarding and reflecting tuition and fee charges; and school catalogs, program outlines, curriculum guides, and graduation evaluation forms. HOPBS retained counsel and accepted service of CID No. 2019-041 on February 17, 2020. *See* Ex. C, Email dated February 17, 2020, from Steve Sadow to Douglas Dye.

HOPBS provided what it described as its "First Production" on March 12, 2020. *See* Ex. D, Email dated March 12, 2020, from Steve Sadow to J. Thomas Clarkson; Ex. E, HOPBS Response to CID No. 2019-041.[2] HOPBS identified Marcus Labat as the "Veterans Liaison and School Certifying Official," and indicated "Mr. Labat will be executing the certificates of compliance when everything has been produced." Ex. D. HOPBS made a second production on or about March 31, 2020. *See* Ex. F, Email dated March 27, 2020, from Steve Sadow to J. Thomas Clarkson. No certificate of compliance was included in that production. On October 14, 2021, the government reached out to HOPBS counsel to determine whether HOPBS had completed its productions in response to CID No. 2019-041. Counsel indicated that he believed so but would "check to see and also determine if [his] client has anything more to

---

[2] The government has moved under separate cover to file HOPBS' response to CID No. 2019-041 under seal because the CID responses ordinarily are nonpublic, *see* 31 U.S.C. § 3733(i)(2)(C) and (k).

9

produce." Ex. G, Email dated October 14, 2021, from Steve Sadow to Patrick Schwedler. Later that same day, counsel confirmed the March 31, 2020, production had been the last production. Ex. H, Email dated October 14, 2021, from Steve Sadow to Patrick Schwedler.

The government again contacted HOPBS on September 19, 2022, requesting confirmation that HOPBS had not supplied the sworn certificate required by 31 U.S.C. 3733(f) and (g) that it agreed to provide in 2020 whenever it was finished with its production. Ex. I, Email dated September 19, 2022, from Bradford Patrick to Steve Sadow. Counsel for HOPBS indicated no such certificate had been provided and suggested a parallel criminal investigation that included a target notification to Mr. Labat put HOPBS's obligations under the CID into a different context. Ex. I, Email dated September 19, 2022, from Steve Sadow to Bradford Patrick. The government clarified, both by email and phone, that the obligation to provide sworn certificates was HOPBS' rather than Mr. Labat's, and that HOPBS could designate any number of individuals for this purpose. Ex. I, Email dated September 19, 2022, from Bradford Patrick to Steve Sadow. HOPBS nevertheless refused to provide a sworn certificate.

The government then served a second CID, CID No. 2023-001, on HOPBS for interrogatories and documents. *See* Ex. B. CID No. 2023-001 sought information regarding how HOPBS had responded to CID No. 2023-019, including the identities of individuals who had supplied certain information and documents and the locations that had been searched for responsive information and documents. It further sought production of any documents that were responsive to CID No. 2019-041 and had not

been produced, as well as any communications regarding HOPBS's response to CID No. 2019-041. CID No. 2023-001 was served on HOPBS on February 1, 2023 and received on February 3, 2023, making a response due by February 23, 2023. The government provided a courtesy copy of the CID on counsel who had represented HOPBS up until that point. Ex. I, Email dated February 1, 2023 from Bradford Patrick to Steve Sadow. However, on February 15, 2023, counsel indicated he no longer would represent HOPBS. Ex. I, Email dated February 15, 2023 from Steve Sadow to Bradford Patrick. The government to date has received no response to CID No. 2023-001 by HOPBS, or from anyone on its behalf.

## ARGUMENT

The FCA provides that when a CID recipient fails to comply with a CID, the United States may file a petition to enforce the CID in the appropriate United States District Court. 31 U.S.C. § 3733(j)(1). CIDs are administrative subpoenas and may be enforced like any other administrative subpoena. *See United States v. Markwood*, 48 F.3d 969, 975-76 (6th Cir. 1995) (finding that a CID issued under the FCA is an administrative subpoena); *FTC v. Invention Submission Corp.*, 965 F.2d 1086, 1087 (D.C. Cir. 1992) (acknowledging that a CID issued by the Federal Trade Commission is an administrative subpoena).

Enforcement proceedings necessarily must be limited in scope to protect "the important governmental interest in the expeditious investigation of possible unlawful activity." *Markwood*, 48 F.3d at 979. Thus, the "role of a district court in a proceeding to enforce an administrative subpoena is sharply limited; inquiry is appropriate only

11

into whether the evidence sought is material and relevant to a lawful purpose of the agency." *EEOC v. Kloster Cruise Ltd.*, 939 F.2d 920, 922 (11th Cir. 1991). "The measure of relevance used in subpoena enforcement actions is quite broad." *United States v. Florida Azalea Specialists*, 19 F.3d 620, 624 (11th Cir. 1994). As the Supreme Court explained decades ago, an agency's demand is "sufficient if the inquiry is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant." *United States v. Morton Salt Co.*, 338 U.S. 632, 652 (1950). And because of the limited nature of the court's role in administrative subpoena enforcement proceedings, a court simply "inquire[s] into (1) whether the administrative investigation is within the agency's authority, (2) whether the agency's demand is too indefinite, and (3) whether the information sought is reasonably relevant." *EEOC v. Tire Kingdom, Inc.*, 80 F.3d 449, 450 (11th Cir. 1996) (citing *Florida Azalea Specialists*, 19 F.3d at 622-23). Such a subpoena should be enforced unless it was issued for some improper purpose that would abuse the court's process, such as harassment or bad faith. *See Markwood*, 48 F.3d at 978 (citing *United States v. LaSalle Nat'l Bank*, 437 U.S. 298 (1978)).

The elements needed for enforcement all exist here. The CID plainly is within the agency's authority. The Department of Justice is authorized to investigate violations of the FCA and issue CIDs to aid in such investigations. *See Markwood*, 48 F.3d at 975-76. Further, the United States Attorney is authorized to issue CIDs by delegation. *See* 28 C.F.R. Part 0, Subpart Y, App'x, Dir. No. 1-15. As explained above, the Department of Justice is investigating HOPBS and individuals operating on its

behalf to determine whether they submitted or caused the submission of false claims for veterans' education and housing benefits offered through the Department of Veterans Affairs.

Second, the material sought in the CID is not indefinite. As to CID No. 2019-041, HOPBS responded to the interrogatories and document requests without lodging any objections, including any as to vagueness, overbreadth, or undue burden. The remaining issue with respect to CID No, 2019-041 is simply whether HOPBS should be ordered to comply with its statutory obligation to produce a sworn certification of its responses, as it previously indicated it would do when it completed its production. That task could hardly be more specific. With respect to CID No. 2023-001, the interrogatories and document requests are narrowly targeted and sufficiently specific to warrant enforcement. Each interrogatory requests a limited class of information, predominantly the identity of certain individuals who participated in responding to CID No. 2019-041 and the locations that were searched. And the document requests ask HOPBS to confirm its production as to CID No. 2019-041[3] and to produce communications regarding that response.

Third, the material sought is reasonably relevant. Relevance is broadly interpreted in the context of enforcing administrative subpoenas. *FTC v. Texaco, Inc.*, 555 F.2d 862, 872 (D.C. Cir. 1977); *see also Griffin*, 972 F. Supp. at 678

---

[3] If the Court orders HOPBS to provide the certificate of compliance required by 31 U.S.C. § 3733(f)(1) as to CID No. 2019-041, the government would withdraw document request 1 in CID No. 2023-001.

(observing standard is less stringent than Fed. R. Evid. 401). "In this regard, so long as the information sought is not 'plainly incompetent or irrelevant to any lawful purpose' of the [DOJ], the Court is obliged to enforce the subpoena." *Inspector Gen. of U.S. Dep't of Agriculture v. Griffin*, 972 F. Supp. 676, 679 (M.D. Ga. 1997). The agency's appraisal of relevancy must be accepted "as long as it is not 'obviously wrong.'" *United States v. Hunton & Williams,* 952 F. Supp. 843, 854 (D.D.C. 1997) (citations omitted). *See also In re McVane*, 44 F.3d 1127, 1135 (2d Cir. 1995) (same).

Again, HOPBS did not contend the material sought in CID No. 2019-041 was irrelevant; it provided responses but now is refusing to comply with its obligation to certify its document production and interrogatory responses. Nor has HOPBS objected to CID No. 2023-001 on relevance or any other grounds; it failed to respond at all. Regardless, the interrogatories and document requests in the latter CID are relevant because they would allow the government to identify which individuals affiliated with HOPBS provided what portions of HOPBS's response to CID No. 2019-041 and identify what locations were searched for responsive records. This is relevant to the government's investigation for two principal reasons. First, the government has reason to question the veracity, authenticity, and completeness of HOPBS's unsworn response to CID No. 2019-041, which may explain HOPBS's refusal to provide sworn certifications absent a court order, notwithstanding its promise to provide them. Second, the material sought in response to CID No. 2023-001 would aid in determining who supplied certain documents and information, which will allow the government to select appropriate witnesses to provide oral testimony pursuant to

another CID, 31 U.S.C. § 3733(h), and to determine whether any of those individuals are potentially liable to the government under the FCA. In short, both CIDs are relevant to the government's ongoing civil FCA investigation.

Lastly, the CIDs were issued for a proper purpose *i.e.*, to determine whether HOPBS or individuals acting on its behalf submitted false claims to the government or caused their submission in violation of the FCA. Although former counsel to the HOPBS at one point argued the existence of a parallel criminal case somehow diminished the government's authority to obtain a certification or otherwise pursue a CID, Ex. I, Email dated September 19, 2022, from Steve Sadow to Bradford Patrick, it is well established "that there is nothing inherently unlawful in the Government's pursuant of parallel civil and criminal proceedings against the same investigative target." *United States v. Kamal Kabakibou, M.D., P.C.*, 522 F. Supp. 3d 1307, 1310 (N.D. Ga. 2020) (enforcing CID despite execution of a search warrant prior to issuance of the CID). "The civil and regulatory laws of the United States frequently overlap with the criminal laws, creating the possibility of parallel civil and criminal proceedings, either successive or simultaneous." *S.E.C. v. Dresser Indus., Inc.*, 628 F.2d 1368, 1374 (D.C. Cir. 1980) (en banc). Requiring the government to move forward with one or the other—civil or criminal—would "stultify" enforcement of the law. *United States v. Kordel*, 397 U.S. 1, 11 (1970). Both CIDs have a legitimate connection to the government's ongoing civil investigation; neither was issued "solely to obtain evidence for its criminal prosecution." *See id.* at 11-12.

## CONCLUSION

The Court should grant the Petition and order HOPBS to provide sworn certificates of its compliance with CID No. 2019-041 and respond to CID No. 2023-001, supported by sworn certificates of compliance, within 10 days.

JILL E. STEINBERG
United States Attorney
Southern District of Georgia

*/s/ Bradford C. Patrick*
Bradford C. Patrick
Assistant United States Attorney
South Carolina Bar No. 102092
Post Office Box 8970
Savannah, Georgia 31412
Telephone: (912) 652-4422
Facsimile: (912) 652-4227
Email: Bradford.Patrick@usdoj.gov

## CERTIFICATE OF SERVICE

Service of the foregoing filing has been made by depositing a copy thereof, postage prepaid, in the United States mail on April 7, 2023, addressed to the following:

House of Prayer Bible Seminary
2540 Airport Road,
Hinesville, Georgia, 31313

and

House of Prayer Bible Seminary
C/O Corporation Service Company
2 Sun Court, Suite 400,
Peachtree Corners, Georgia, 30092

/s/ Bradford C. Patrick
Bradford C. Patrick
Assistant United States Attorney
