UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:23-CV-91 |
| HOUSE OF PRAYER BIBLE SEMINARY, | ) ) ) |
| Respondent. | ) |

## UNITED STATES' MOTION TO SEAL

The United States moves under Local Civil Rule 79.7 to seal Exhibit E to its Motion for an Order to Show Cause and for Summary Enforcement of Civil Investigative Demands, consisting of House of Prayer Bible Seminary's (HOPBS) response to CID No. 2019-041. *See* Section II(I)(2), United States District Court, Southern District of Georgia, Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means. The government is conducting an ongoing civil investigation of HOPBS under the False Claims Act. Under 31 U.S.C. § 3733(i)(2)(C), responses to CIDs are not to be made available except to a limited class of individuals including the investigators and the responding party. *See also* § 3733(k) (exempting CID responses from FOIA).

"The common-law right of access to judicial proceedings is an essential component of our system of justice and instrumental in securing the integrity of the process." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1361 (11th Cir. 2021) (citations and internal quotation marks omitted). Although judicial records

"are presumptively available to the public under the common law," this right "is not absolute." *Id.* at 1363 (citation and internal quotation marks omitted). Accordingly, "[t]he common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (citation, internal quotation marks, and brackets omitted). Good cause is determined by the nature of the information sought to be kept confidential, and in making this determination, "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.*

Here, good cause exists to seal Exhibit E because it contains sensitive information relevant to the government's ongoing civil investigation. Disclosure of the CID response could impair the government's investigation and its ability to obtain candid responses for sources other than HOPBS. Congress recognized this concern in adopting confidentiality provisions in its authorization of the government's CID power. *See* 31 U.S.C. § 3733(i)(2)(C), (k).

Local Rule 79.7(e) requires the movant to specify the length of time the sealing should persist. The government requests that the sealing should persist through the

2

conclusion of its civil investigation or its initiation of a civil action against HOPBS and/or individuals acting on its behalf, whichever is earlier.

> JILL E. STEINBERG
> United States Attorney
> Southern District of Georgia
>
> */s/ Bradford C. Patrick*
> Bradford C. Patrick
> Assistant United States Attorney
> South Carolina Bar No. 102092
> Post Office Box 8970
> Savannah, Georgia  31412
> Telephone:  (912) 652-4422
> Facsimile:  (912) 652-4227
> Email: Bradford.Patrick@usdoj.gov

## CERTIFICATE OF SERVICE

Service of the foregoing filing has been made by depositing a copy thereof, postage prepaid, in the United States mail on April 7, 2023, addressed to the following:

House of Prayer Bible Seminary
2540 Airport Road,
Hinesville, Georgia, 31313

and

House of Prayer Bible Seminary
C/O Corporation Service Company
2 Sun Court, Suite 400,
Peachtree Corners, Georgia, 30092

> /s/ Bradford C. Patrick
> Bradford C. Patrick
> Assistant United States Attorney