# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-91 |
| | ) | |
| HOUSE OF PRAYER BIBLE SEMINARY, | ) | |
| | ) | |
| Respondent. | ) | |

## UNITED STATES' MOTION FOR AN ORDER TO SHOW CAUSE WHY HOUSE OF PRAYER BIBLE SEMINARY, HOUSE OF PRAYER CHRISTIAN CHURCHES OF AMERICA, INC., GERARD ROBERTSON, MARCUS LABAT, AND WILLIAM PILKINGTON SHOULD NOT BE HELD IN CIVIL CONTEMPT

On September 5, 2023, this Court granted the United States' motion for default judgment pursuant to Fed. R. Civ. P. 55(b) and ordered Respondent House of Prayer Bible Seminary (HOPBS) to provide sworn certificates of compliance with Civil Investigative Demand No. 2019-041 and respond to Civil Investigative Demand No. 2023-001 within 10 days. The Court's deadline expired on September 15, 2023. The United States now moves for an order directed to HOPBS, House of Prayer Christian Churches of America, Inc. (HOPCC), Gerard Robertson, Marcus Labat, and William Pilkington that they show cause why they should not be held in civil contempt for failing to comply with the Court's September 5, 2023 order. The United States suggests that each be jointly and severally responsible for a conditional fine of $1,000, plus a conditional daily fine of $200 until such time as HOPBS complies with the Court's order by providing sworn certificates of HOPBS's compliance with CID No.

2019-041 and responses to CID No. 2023-001, supported by sworn certificates of compliance.

## BACKGROUND

The United States petitioned this Court on April 7, 2023, to enforce two Civil Investigative Demands (CIDs) issued to HOPBS, CID Nos. 2019-041 and 2023-001. Doc. 1. As to the former, HOPBS failed to provide the statutorily required sworn certificates of compliance with the CID. *See* 31 U.S.C. § 3733(f)(1) and (g). As to the latter, HOPBS failed to provide any response at all. HOPBS was served with the petition pursuant to 31 U.S.C. § 3733(d)(1)(C), Doc. 11, but failed to respond to it. The Clerk entered default against HOPBS, Doc. 13, and this Court entered default judgment against HOPBS under Fed. R. Civ. P. 55(b) on September 5, 2023, ordering HOPBS to provide sworn certificates of compliance with CID No. 2019-041 and respond to CID No. 2023-001 within 10 days, Doc. 18.

The United States promptly served the Court's order on HOPBS. Doc. 20. And, by letter dated September 8, 2023, the United States advised the corporate officers of HOPCC—Gerard Robertson, Marcus Labat, and William Pilkington—that the United States expected HOPBS to comply with the Court's order and, should it fail to do so, the United States reserved the right to seek findings of contempt against them individually. Ex. A, Letter from Bradford C. Patrick dated September 8, 2023.[1]

---

[1] The United States' September 8, 2023 letter mistakenly attributes the representation that HOPCC had taken administrative and financial responsibility of HOPBS to Marcus Labat. The quoted language instead appeared in a letter authored by Dennis Nostrant. *See* Doc. 14-3. Nevertheless, Mr. Labat made similar

2

The Court's deadline has expired and HOPBS has to date failed to comply with the September 5, 2023 order. On September 15, 2023, the final date HOPBS had to comply, HOPBS contacted the United States through counsel. Counsel explained she had just been engaged and requested that the United States not seek contempt while she reviewed the matter. During the week of September 18, 2023, HOPBS's counsel requested consent for an extension of time for HOPBS to raise defenses to the petition, including a possible service defense, to which the United States declined. The United States requested that counsel identify an address where it contends HOPBS should have been served if it believes service was improper. To date, HOPBS has not provided such an address or even indicated in any definitive fashion that HOPBS contends service has been inadequate or improper. HOPBS also has given no indication, through counsel or otherwise, that it intends to provide the sworn certificates of compliance with CID No. 2019-041 or any material responsive to CID No. 2023-001.

## STANDARD OF REVIEW

Courts "have inherent power to enforce compliance with their lawful orders through civil contempt." *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991) (citing *Shillitani v. United States*, 384 U.S. 364, 370 (1966)). To achieve compliance with those orders, courts can impose both coercive and

---

representations to the Department of Veterans Affairs through a State Approving Agency that the church "owns, controls, operates, and conducts the school," i.e., HOPBS. Ex. B, Letter from Marcus Labat.

3

compensatory sanctions. *Id.* at 1304. Those options include: a coercive daily fine; a compensatory fine; imposition of attorney's fees and expenses incurred by a movant seeking compliance with a court's order; and coercive incarceration. *Id.*

A finding of civil contempt is supported if such contempt is clear and convincing, as demonstrated by: (1) the violated order being valid and lawful; (2) the order being clear, definite, and unambiguous; and (3) the violator of that order having the ability to comply with the order. *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000). This clear and convincing evidence standard is more exacting than the preponderance of the evidence standard but, unlike criminal contempt, does not require proof beyond a reasonable doubt. *In re Jove Engineering, Inc. v. Internal Revenue Service*, 92 F.3d 1539, 1545 (11th Cir. 1996).

Once a movant establishes clearly and convincingly that a court order has been violated, the burden of production shifts to the respondent to produce evidence to explain why compliance with such order has not occurred. *United States v. Rylander*, 460 U.S. 752, 755 (1983); *Citronelle-Mobile*, 943 F.2d at 1301; *United States v. Hayes*, 722 F.2d 723, 725 (11th Cir. 1984). In meeting such burden of production, the "long-standing rule" is that a respondent is barred from raising in the contempt proceeding any issue that was or could have been raised at the enforcement stage. *Rylander*, 460 U.S. at 756-57.

Moreover, in satisfying its burden, a respondent must offer proof beyond a "mere assertion of inability" and introduce specific evidence in support of an inability to comply. *Citronelle-Mobile*, 943 F.2d at 1301; *Hayes*, 722 F.2d 723, 725. In producing

such specific evidence, a respondent demonstrates an inability to comply only by showing that the respondent has made "in good faith all reasonable efforts to comply." *United States v. Ryan*, 402 U.S. 530, 534 (1971); *Citronelle-Mobile*, 943 F.2d at 1301. A finding that the respondent has made "some effort" to comply with the Court's order is inadequate to rebut the *prima facie* showing of contempt. *Hayes*, 722 F.2d at 725.

## ARGUMENT

### I. HOPBS Failed to Comply with the Court's Order and Should Be Held in Civil Contempt.

The Court should find HOPBS in civil contempt for failing to comply with the terms of the September 5, 2023 order. The False Claims Act expressly affords the Court with this authority, providing that "[a]ny disobedience of any final order entered under [31 U.S.C. § 3733] by any court shall be punished as a contempt of the court." 31 U.S.C. § 3733(j)(5). This statutory authority is consistent with the Court's well-established, inherent authority to hold parties in contempt for violating its orders. *See, e.g.*, *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980) ("The most prominent of [the court's inherent powers] is the contempt sanction, which a judge must have and exercise in protecting the due and orderly administration of justice and in maintaining the authority and dignity of the court." (citations omitted)).

Each of the criteria to establish contempt exists here. The Court acted lawfully in issuing an order under the authority vested by Congress in 31 U.S.C. § 3733(j). The order used clear language that obligated HOPBS to comply with the two CIDs, yet HOPBS did not do so and has articulated no reason why it cannot. Indeed, aside from

providing an unsworn response to the initial CID, HOPBS has resisted its legal obligations pursuant to the CIDs. Moreover, because HOPBS has failed to comply and taken no meaningful steps of which the United States is aware to comply with the Court's September 5, 2023 order under the time frame established therein, any belated claim of justifiable noncompliance would fail.

The Court therefore should find that HOPBS is in civil contempt.

## II. The Court Should Find HOPCC, Gerard Robertson, Marcus Labat, and William Pilkington in Civil Contempt.

An injunction binds the parties as well as their "officers, agents, servants, employees, and attorneys" and "other persons who are in active concert or participation" with any of them. *See* Fed. R. Civ. P. 65(d)(2). "The Supreme Court long ago held that individuals responsible for the affairs of a corporation can be individually held in contempt for disobeying a known injunctive order." *FTC v. Leshin*, 618 F.3d 1221, 1236 (11th Cir. 2010) (citations omitted). *See also PlayNation Play Systems, Inc. v. Velex Corp.*, 939 F.3d 1205, 1213 (11th Cir. 2019).

> A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt.

*Wilson v. United States*, 221 U.S. 361, 376 (1911). Corporate entities, too, may be held in contempt if they are "identified with [respondents] in interest, in privity with them, represented by them, or subject to their control." *Leshin*, 618 F3d at 1235 (quoting *Regal Knitwear Co. v. NLRB*, 342 U.S. 9, 14 (1945)). Nonparties may be held in

6

contempt under this authority if they have actual notice of the order; personal service is not required. Fed. R. Civ. P. 65(d)(2). Nor must the offended order name the nonparties for them to be held in contempt. *See Elec. Workers Pension Trust Fund of Local Union No. 58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 382 (6th Cir. 2003).

As alleged in the petition, HOPBS is controlled by HOPCC. That position is borne out by HOPBS's (currently unsworn) responses to the interrogatories contained in CID No. 2019-041. The first interrogatory requested that HOPBS identify its current and former owners. HOPBS answered that HOPBS "is an incorporated non-profit, that is managed by a board of directors . . . [that] can be seen on the Secretary of State's incorporated database on their website, under the name '*House of Prayer Christian Churches of America, Inc.*'" Doc. 3-5. Dennis Nostrant, Administrator Officer for HOPCC, also indicated in material submitted to the Department of Veterans Affairs via a State Approving Agency that HOPCC has taken financial and administrative responsibility for HOPBS since 2005, and explained how the church provides the seminary's "entire faculty of director[s], teachers and secretaries, which also conduct the various record keeping and organizations of the publications, (catalogs, student handbooks, certificates, diplomas) [sic]." Doc. 14-3. HOPCC also compensates HOPBS's teachers and faculty; HOPBS has no employees of its own. *Id.*; Doc. 3-5. Similarly, Marcus Labat, HOPBS's Controller, also claimed in documents submitted to the Department of Veterans Affairs through a State Approving Agency that HOPCC "owns, controls, operates, and conducts the school." Ex. B, Letter from Marcus Labat. Indeed, among HOPCC's express purposes is "[t]o establish and

7

maintain Bible and training schools," governed by officers who "hold responsibility and … properties in both institute and incorporation jointly." Ex. C, HOPCC Purposes and By-Laws. Even the putative degrees issued by HOPBS indicate that they are bestowed by HOPCC. *See* Ex. D, Degree. Thus, HOPCC is in sufficient privity with HOPBS that it should be ordered to show cause along with HOPBS. *See Leshin*, 618 F3d at 1235

Because HOPCC asserts ownership of and controls HOPBS, the Court should also order HOPCC's corporate officers to show cause why they should not be held in civil contempt. Filings with the Georgia Secretary of State reflect that Gerard Robertson is HOPCC's Chief Executive Officer, Marcus Labat is its Secretary, and William Pilkington is its Chief Financial Officer. *See* Doc. 14-2. As corporate officers with authority to direct the affairs of HOPCC, and thus HOPBS, they have the power and obligation to ensure compliance with the Court's orders. *See, e.g.*, *Diversified Lenders, LLC v. Amazon Logistics, Inc.*, No. 8:17-mc-37, 2017 WL 10350672, at *3 (M.D. Fla. Dec. 4, 2017) (recommending civil contempt based on evidence that individuals were managing members of contumacious corporation).

Contempt is especially appropriate as to Gerard Robertson and Marcus Labat due to their official status with HOPBS itself. The putative degrees awarded by HOPBS identify Gerard Robertson as HOPBS's director. Ex. D, Degree. Gerard Robertson also identifies himself as HOPBS's director in seeking religious exemptions. Ex. E, Application for a Religious Exemption of a Nonpublic Postsecondary Institution. For each of HOPBS's campuses, Marcus Labat identifies

8

himself as HOPBS's Controller. Ex. F, Designation of School Certifying Official(s). Further evidencing his ability to effectuate HOPBS's compliance with this Court's orders pertaining to the CIDs at issue, HOPBS's prior counsel identified Marcus Labat as the individual who was to certify HOPBS's responses to CID No. 2019-041 before HOPBS later refused to provide those certifications. *See* Doc. 3-4.

Therefore, the Court should hold HOPBS, HOPCC, Gerard Robertson, Marcus Labat, and William Pilkington in civil contempt due to their failure to comply with the Court's September 5, 2023 order.

### III. The Court Should Impose Conditional Fines until HOPBS Complies.

The Court enjoys wide discretion to fashion contempt sanctions to enforce its orders. *Howard Johnson Co. v. Khimani*, 892 F.2d 1512, 1519 (11th Cir. 1990). Fines are appropriate in the civil contempt context if they either coerce compliance with an order of the court or compensate those harmed by the violation of the order. *See Leshin*, 618 F.3d at 1239. Courts have recognized a per diem fine for each day a contemnor fails to comply with an affirmative court order as a valid and enforceable coercive sanction. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994); *Salazar v. District of Columbia*, 602 F.3d 431, 438 (D.C. Cir. 2010). If the Court uses a fine coercively, it should provide the contemnor an opportunity to purge the sanction when it complies. *Leshin*, 618 F.3d at 1239.

HOPBS has displayed a pattern of disregarding its obligations under the law as they relate to the CIDs at issue. It first promised to provide certificates of its

compliance with CID No. 2019-041 years ago, yet failed to do so, and later refused to do so when asked. The United States then issued a second CID, CID No. 2023-001, to which HOPBS failed to respond at all. When the United States petitioned this Court to enforce those CIDs, HOPBS again elected not to respond and waited until the very last day permitted by the Court for compliance to even contact the United States. Now, more than a week since the Court ordered HOPBS to comply, it has not even indicated that the sworn certificates and responses to the CIDs are forthcoming. Under these circumstances, the United States submits that the Court should impose a fine of $1,000, plus an additional daily fine of $200 against HOPBS, HOPCC, Gerard Robertson, Marcus Labat, and William Pilkington, jointly and severally, until HOPBS has completely satisfied its obligations under the Court's September 5, 2023 order by providing sworn certificates of HOPBS's compliance with CID No. 2019-041 and responses to CID No. 2023-001, supported by sworn certificates of compliance.

* * *

## CONCLUSION

For the reasons set forth above, the Court should order HOPBS, HOPCC, Gerard Robertson, Marcus Labat, and William Pilkington to show cause why they should not be held in civil contempt for failure to comply with the Court's September 5, 2023 order.

                                    JILL E. STEINBERG
                                    United States Attorney
                                    Southern District of Georgia

                                    */s/ Bradford C. Patrick*
                                    Bradford C. Patrick
                                    Assistant United States Attorney
                                    South Carolina Bar No. 102092
                                    Post Office Box 8970
                                    Savannah, Georgia  31412
                                    Telephone:  (912) 652-4422
                                    Facsimile:  (912) 652-4227
                                    Email: Bradford.Patrick@usdoj.gov

**CERTIFICATE OF SERVICE**

Service of the foregoing filing has been made by depositing a copy thereof, postage prepaid, in the United States mail on September 27, 2023, addressed to the following:

House of Prayer Bible Seminary
House of Prayer Christian Churches of America, Inc.
Gerard Robertson
Marcus Labat
William Pilkington
2540 Airport Road,
Hinesville, Georgia, 31313

The following individuals have been served with the foregoing filing by email:

Jennifer Little, Esq.
*Attorney for House of Prayer Bible Seminary*
jlittle@jllaw.com

Holly Pierson, Esq.
*Attorney for House of Prayer Bible Seminary*
hpierson@piersonlawllc.com

Brian T. Rafferty, Esq.
*Attorney for Marcus Labat*
brian@raffertylawfirm.com

/s/ Bradford C. Patrick
Bradford C. Patrick
Assistant United States Attorney