# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:23-CV-91 |
| ) | |
| HOUSE OF PRAYER BIBLE SEMINARY, ) | |
| ) | |
| Respondent. ) | |

## UNITED STATES' STATUS REORT

The United States of America files this status report in response to the Court's July 23, 2025 order, which directed the parties to file either a stipulation of dismissal or a status report that outlines any remaining issues for the Court to decide. Doc. 69.

From the United States' perspective, there are no pending motions for the Court to decide. The Court issued an order enforcing the Civil Investigative Demands as the United States requested under Fed. R. Civ. P. 55(b)(2), Doc. 18, thus constituting a final appealable order in the form of a default judgment. Rule 55(c) provides that a default judgment may be set aside for any of the reasons set forth in Rule 60(b). Although Respondent alluded to certain Rule 60(b) arguments in attempting to show cause why it should not be held in contempt, *see* Doc. 39 at 16-19, Respondent never filed such a motion as required by Fed. R. Civ. P. 7(b)(1) and LCvR 7.1. Any such motion would be meritless in any event, as the United States has explained. *See* Doc. 54 at 6-8, 12-20.

Because the Court granted default judgment in the United States' favor, a stipulation of dismissal under Rule 41 is neither warranted nor appropriate. *See Villegas v. Princeton Farms, Inc.*, 893 F.2d 919, 924 (7th Cir. 1990) (Rule 41(a) would be "misused" by permitting voluntary dismissal after judgment had been issued); *Commodities Exp. Co. v. City of Detroit*, No. 09-CV-11060, 2011 WL 13208775, at *2 (E.D. Mich. May 31, 2011) (Rule 41 motion was not appropriate where judgment had been entered on defendant's cross claim); *Reverse Mortg. Funding, LLC v. Gonzalez Torres*, No. 17-CV-2067, 2023 WL 9953493 (D.P.R. Oct. 6, 2023) (denying plaintiff's attempt to dismiss a default judgment under Rule 41(a)(1)(A)(i); "[o]nce judgment is entered, it is difficult to see how Rule 41(a) can apply.").

The United States does not perceive any reason, whether under Rule 55(c), Rule 60(b), or otherwise, why the Court should vacate the default judgment in this case. The United States has no objection, however, to the Court closing this case administratively.

Respectfully submitted,

TARA M. LYONS
ACTING UNITED STATES ATTORNEY

*/s/ Bradford C. Patrick*
Assistant United States Attorney
South Carolina Bar No. 102092
Post Office Box 8970
Savannah, Georgia 31412
(912) 652-4422
Email: Bradford.Patrick@usdoj.gov